**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-24-CV-415-KC** |
| | § | |
| **JAN ABRAHAM NEL,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the case. On November 15, 2024, the United States (the "Government") filed its Ex Parte Motion for Emergency Temporary Restraining Order to Perform Medical Examinations and to Administer Involuntary Hydration ("Motion"), ECF No. 2. The Court granted the Government's Motion in part, authorizing the Government to perform non-consensual medical exams on Respondent Jan Abraham Nel. Nov. 15, 2024, Order 5, ECF No. 3. The Court also authorized the Government to administer non-consensual hydration if a physician deemed it medically necessary to prevent serious injury or death. *Id*. Finally, the Court set a status hearing for 1:00 p.m. on November 21, 2024, in order to hear evidence on Mr. Nel's medical status. *Id*.

The law permits the Court to appoint Mr. Nel counsel. Under 28 U.S.C. § 1915(e)(l), "[t]he court may request an attorney to represent any person unable to afford counsel." "In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). Further, "where a district

court has determined that exceptional circumstances warrant appointment of counsel and has unsuccessfully attempted to secure a non-compulsory appointment, the court may invoke its inherent power to order an attorney to represent an indigent civil rights litigant *pro bono*." *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015).

The Court determines that exceptional circumstances warrant appointment of counsel for Mr. Nel. This case entails the review of technical medical records and the delicate balance of personal liberty and governmental interests in evaluating whether medically invasive remedies are necessary. Furthermore, Mr. Nel's detention and current weak condition may prevent him from properly investigating and presenting his case against the Government. The appointment of counsel is, therefore, in the best interests of justice so that Mr. Nel has an adequate opportunity to be heard and have his interests represented.

Accordingly, the Court **ORDERS** that Mr. Joseph Veith, State Bar No. 24058359, of the Law Office of Joseph R. Veith, located at 2511 N. Stanton, El Paso, Texas 79902, is **APPOINTED** to represent Respondent Jan Abraham Nel in the above-captioned case.

**IT IS FURTHER ORDERED** that Mr. Joseph Veith will be entitled to collect allowable and approved attorney's fees and reimbursable expenses in accordance with the "Amended Plan for the Payment of Attorney's Fees and Reimbursement of Expenses in Civil Cases" (amended May 5, 2011), available at https://tinyurl.com/WDTX-Fees. Fees and expenses shall not exceed $3,500 unless payment in excess of that limit is certified by the Court.

**SO ORDERED.**

**SIGNED** this 15th day of November, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE